NAHUM S. LUND & wife *vs.* THE INHABITANTS OF TYNGSBORO.

If a traveller, in the exercise of ordinary care and prudence, voluntarily leaps from his carriage, because of its near approach to a dangerous defect in the highway, and thereby sustains an injury, the town is liable, under Rev. Sts. c. 25, § 22, although the carriage do not come in actual contact with the defect.

A declaration that a party was "violently thrown from a wagon upon the ground by reason of a defect in the highway," is not supported by proof that he voluntarily leaped from the wagon to avoid coming in contact with such defect; but the objection ought ordinarily to be taken before the case is submitted to the jury.

If such case is tried and submitted to the jury entirely upon the hypothesis that the plaintiff was so thrown to the ground, and afterwards in answer to an inquiry by the jury, the judge instructs them, that the action can be maintained if the plaintiff voluntarily jumped to the ground through imminent peril, a verdict against the defendants will be set aside.

THIS action, for bodily injury sustained by Mrs. Lund, the female plaintiff, alleged to have happened by reason of a defect in a highway, was tried before *Cushing*, J. who signed the following report: " The alleged defect consisted of a culvert running across the highway, and a hole at one end of the culvert. The highway was one which the defendants are bound to keep in repair, and no question arose on that point, or as to notice to the defendants. In the course of the trial it was proved, among other things, that, as the plaintiffs were driving together in their wagon, along the travelled part of the said highway, between the hours of eight and nine o'clock on a certain evening, a band of music, a little way in advance, in or near the road, suddenly commenced to play, by which their horse was alarmed; that this happened near to the alleged defect in the highway; and that in the course of the incident Mrs. Lund was taken up from the ground, at or near the culvert, seriously injured; but the precise manner in which she came to the ground, whether by being forcibly thrown from the wagon, or by leaping from it, or by the two actions concurring; and whether the wagon did or did not come in actual contact with the hole or the culvert, were questions of fact, among various others in this cause. It did not appear in evidence that the wagon was actually overturned.

" I gave to the jury the usual instructions, to inquire whether the proved condition of the highway was a defect or not, as alleged; whether or not the misadventure happened by reason of the alleged defect, and whether the plaintiffs had or had not proved ordinary care and prudence; and I applied the general principles of law to the particular facts in the case, so far as justice to both parties seemed at the time to require.

" After the jury had been out some time, they came in and asked for instructions on the following question, presented by their foreman, in writing, namely: ' On the hypothesis that the wheel of the wagon did not go into the hole, but that Mrs. Lund jumped, for fear that she should sustain an injury, in case it did go into the hole, are the defendants liable ? '

" Thereupon I instructed the jury, in substance, as follows,

namely : When a party is travelling on the highway, and there is a legal defect in it, and the party, under apprehension of the imminent peril by the near approach of his carriage to the defect in the highway, but without or previous to actual contact with the defect, leaps from his carriage and is injured thereby, then the rule of law is this : It is an element of the question of reasonable care on the part of a plaintiff. If the plaintiff be placed, by reason of the defect in the highway and his approach thereto, in such a situation as obliges him to adopt the alternative of a dangerous leap, or to remain at certain peril, and he leaps and is injured, then all the conditions of liability being fulfilled, he may recover damages of the party responsible for the repair of the highway. On the other hand, if the plaintiff's act result from a rash apprehension of danger, which did not exist, and the injury he sustains is to be attributed to rashness and imprudence, then he cannot recover.

" The thing to be determined in the present case, upon the fact supposed and the question propounded by the jury is, whether, on that supposition, Mrs. Lund was placed, by the imminence of contact with the alleged defect, in such a situation as to render what she did a prudent precaution ; and whether she did, at the time and under the actual circumstances, conduct with ordinary self-possession and constancy of mind, and if so, although it might now appear that she acted in part or in whole with volition, and without injury might have retained her seat ; yet, nevertheless, if the other legal conditions of recovery be fulfilled in the case, the action is maintainable ; but if, in the contingency assumed, she acted without reasonable or ordinary prudence and judgment, then it is not maintainable. The verdict being for the plaintiffs, to these instructions the defendants excepted.

" If the instructions were proper and correct, judgment is to be entered on the verdict ; if not, a new trial is to be granted."

*J. G. Abbott*, for the defendants. 1. The liability of the defendants is not at common law, but solely under Rev. Sts. c. 25, § 22 ; therefore the decisions regulating the common law liability of carriers do not apply. *Williams* v. *Hingham*

*Turnpike*, 4 Pick. 341; *Brady* v. *Lowell*, 3 Cush. 121; *Mower* v. *Leicester*, 9 Mass. 247. The injury must arise " by reason of a defect in the highway." Here it was owing to *the fear* of a defect. The defect must be the direct proximate cause of the injury, not the remote cause. *Tisdale* v. *Norton*, 8 Met. 388; *Holman* v. *Townsend*, 13 Met. 299.

2. The instructions to the jury were wrong in this particular case, because the declaration alleged that the plaintiff " by reason of the defect was violently thrown from the wagon upon the ground." Such an averment was not supported by proof that the plaintiff voluntarily leaped from the wagon through fear that she should be thrown. The case was tried to the jury, and the arguments and instructions of the presiding judge proceeded entirely upon the ground that the plaintiff was thrown from the wagon. The defendants had no notice of any other cause of action, and none other was in fact tried. The cause of the injury ought to have been fully and correctly stated in the declaration. *Jones* v. *Boyce*, 1 Stark. R. 493; *Eldredge* v. *Long Island Railroad Co.* 1 Sandf. 89.

*G. F. Farley*, for the plaintiffs, cited *Palmer* v. *Andover*, 2 Cush. 600; *Ingalls* v. *Bills*, 9 Met. 1; Story on Bailments, § 598; *Jones* v. *Boyce*, 1 Stark. R. 493; *Stokes* v. *Saltonstall*, 13 Pet. 181.

DEWEY, J. It is contended on the part of the defendants that the rules of law applicable to carriers of passengers in stage-coaches or other vehicles, where, by reason of exposure to great bodily harm, through some default of the carrier, the passenger voluntarily throws himself from the carriage to avoid a greater peril, and thereby receives a bodily injury, do not apply to towns, in reference to travellers upon a defective highway, and who, by reason of a like exposure, by their imminence of contact with such defect, have thrown themselves from their carriage or other vehicle, and thus received a serious personal injury. The plaintiffs not having come in actual contact with the defect in the highway, it is said that the liability has not attached to the town. But this, we think, is too limited a construction of the statute. The injury to be

compensated for by the town is one that has been occasioned "by reason of any defect or want of repair in any highway," &c. Such injury to the person may be occasioned by reason of the defect of the highway, when the traveller being brought suddenly into imminent peril by his near approach to it, in the exercise of ordinary care and prudence, voluntarily leaps from his carriage, and suffers an injury thereby. The circumstances must be such as to justify his conduct, and the defect in the highway must have been the cause of his voluntary act of throwing himself from the carriage.

It is further insisted, however, that the instructions given to the jury on their coming into court, and asking further instructions, after the case had been committed to them, although correct as abstract propositions, or in reference to other cases that might have called for such a ruling, yet, were unauthorized in this particular case, and upon the cause of action as set forth in the declaration. The declaration, after setting forth the defect in the highway, alleges as the ground for recovering damages, "that by reason of said defect in said highway, the said Mary was violently thrown from said wagon upon the ground," whereby, &c. she was injured in her limb.

The plaintiffs' case, as set forth in the declaration, obviously points to the case of being involuntarily thrown from the wagon, by reason of the same coming in contact with the alleged defect and obstruction in the highway. It was this case which was on trial before the jury, and evidence of an accident occasioned by a voluntary leaping from the wagon to avoid a peril to which the female plaintiff was exposed by remaining in the same, that of the wagon being upset by actual contact with the hole in the highway, would have been liable to the objection of a variance between the declaration and the proof.

The instructions given, therefore, although entirely proper under a declaration adapted to the state of facts supposed, were not applicable to the case as presented on the pleadings. They were such as authorized the jury to find that the plaintiffs had maintained the action by proof of a voluntary leaping

from the wagon under justifiable circumstances, to avoid danger from the defect in the highway, although the wagon did not go into the hole, and the party was not thrown out.

The further inquiry then arises, whether the defendants can, at this stage of the case, avail themselves of this variance between the declaration and the evidence relied upon to sustain the verdict.

Dealing with this case, as the ordinary one of a case tried before a jury upon questions of fact contested by the parties, and where the case opened by the plaintiff, and the case as argued and submitted to the jury, directly presented the question upon which their verdict was found, we should hold the defendants estopped from taking the objection, after verdict, to a variance between the declaration and the proof. Not having taken this objection at the proper stage of the case, they should not be allowed to raise it afterwards, for the first time, on a bill of exceptions, or report of the case by the presiding justice. If taken at the trial, the plaintiff might ask leave to amend, and thus at an early period obviate the objection, before the case was submitted to the jury, while the other party would also be fully protected in all his legal rights, compelling the party to amend, or discontinue his action.

This case does not thus present itself, as we understand from the report and the argument at the bar. The instructions complained of, that the defendants were liable in this action, although the wheel of the wagon did not go into the hole, and Mrs. Lund was not thrown out of the wagon, but voluntarily jumped out of it, under such circumstances of exposure to danger as would justify her in so doing, in the exercise of ordinary care and prudence, were not given in the ordinary charge of the judge in summing up the case to the jury, but after the jury had been out some time, and had come into court, and asked certain further instructions or directions in matters of law, upon a question propounded by them to the court. Communications from the court at this stage of the trial are usually deemed a matter in which the counsel are not to interfere, and their silence, if present, which might or might not be the case, should not estop them from

raising any question upon the correctness in matters of law of any new instructions thus given, as to the right of the plaintiff to maintain his action. The instructions being given under these circumstances, the court are of opinion that it is open to the defendants to question their correctness as applied to the case stated in the plaintiffs' declaration. As already stated, the case upon which the instructions were given, in answer to the inquiry of the jury, was not the case stated in the plaintiffs' declaration. The verdict must be set aside and a  *New trial had.*